**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF IOWA**

| | | |
|---|---|---|
| SOCIETY INSURANCE, | ) | |
| | ) | Case No. 4:15-cv-00005 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TEMPLETON RYE SPIRITS, LLC, an Iowa | ) | **COMPLAINT FOR** |
| Limited Liability Company, TIMOTHY SEILS | ) | **DECLARATORY JUDGEMENT** |
| and RYAN TOWNSEND. | ) | |
| | ) | |
| Defendants. | ) | |

## <u>COMPLAINT FOR DECLARATORY JUDGMENT</u>

NOW COMES the Plaintiff, SOCIETY INSURANCE ("Society"), by and through its attorneys, Grefe & Sidney, P.L.C and Purcell & Wardrope, Chtd., and as its Complaint for Declaratory Judgment against Defendants TEMPLETON RYE SPIRITS, LLC, an Iowa Limited Liability Company ("Templeton Rye Spirits"), TIMOTHY SEILS ("Seils") and RYAN TOWNSEND ("Townsend"), states as follows:

## <u>INTRODUCTION</u>

1.      This is an action for declaratory judgment brought pursuant to 28 U.S.C. § 2201, for the purpose of determining a question of actual controversy regarding Society's obligation to provide insurance coverage to Defendant Templeton Rye Spirits with respect to a putative class action filed by Defendants Seils and Townsend against Defendant Templeton Rye Spirits. Seils and Townsend allege that Defendant Templeton Rye Spirits engaged in deceptive marking practices with respect to the advertising of its whiskey and, in doing so, violated the Iowa Consumer Fraud Act. These allegations do not come within

the scope of coverage under the insurance policies that Society issued to Defendant Templeton Rye Spirits.

**PARTIES, JURISDICTION, AND VENUE**

2.      Plaintiff Society is an insurance company incorporated and domiciled in Wisconsin, with its principal place of business in Fond du Lac, Wisconsin, and a citizen of Wisconsin, for purposes of this Court's jurisdiction.

3.      Defendant Templeton Rye Spirits, upon information and belief, is a limited liability company incorporated, organized, and existing under the laws of the State of Iowa. Templeton Rye Spirits' registered agent is located in Norwalk, Iowa, located in this District. Upon information and belief, Defendant Templeton Rye Spirits sells whiskey throughout the state of Iowa, including in this District. Upon information and belief, no member of Templeton Rye Spirit is a citizen of Wisconsin.

4.      Defendant Townsend is, upon information and belief, a citizen of Polk County, Iowa. Townsend is joined as a defendant herein solely to be bound by the judgment rendered in this cause. Plaintiff seeks no specific or affirmative relief against Defendant Townsend, and in the event he agrees and stipulates in writing to be bound by this Court's judgment, Plaintiff will dismiss Defendant Townsend from this action.

5.      Defendant Seils is, upon information and belief, a citizen of Warren County, Iowa. Seils is joined as a defendant herein solely to be bound by the judgment rendered in this cause. Plaintiff seeks no specific or affirmative relief against Defendant Seils, and in the event he agrees and stipulates in writing to be bound by this Court's judgment, Plaintiff will dismiss Defendant Seils from this action.

6.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1). As explained more particularly elsewhere in this pleading, there is a diversity of citizenship between the Plaintiff and each defendant and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7.    Venue is proper pursuant to 28 U.S.C. § 1391. As explained more particularly elsewhere in this pleading, a substantial part of the events giving rise to this litigation occurred in this Judicial District and the parties reside and/or conduct business in this Judicial District.

8.    This Complaint for Declaratory Judgment is related to a previously filed Complaint for Declaratory Judgment action filed by Society Insurance against Templeton Rye Spirits in the Circuit Court of Cook County under cause number 2014 CH 18926.

### ALLEGATIONS OF TOWNSEND/SEILS LAWSUIT

9.    On or about October 3, 2014, Defendants Townsend/Seils filed a complaint in the District Court in and for Polk County, Iowa, under cause number 05771 CVCV048581, against Defendant Templeton Rye Spirits ("Townsend/Seils Lawsuit"). A copy of said complaint is attached hereto as Exhibit A.

10.    The Townsend/Seils Lawsuit alleges Defendant Templeton Rye Spirits markets its rye whiskey as being produced by Templeton Rye Spirits in Templeton, Iowa.  It is alleged that Templeton Rye Spirits claims that its rye whiskey is distilled in Templeton, Iowa in the labels on the rye whiskey bottles, its website, and other marketing materials.

11.    The Townsend/Seils Lawsuit further alleges Defendant Templeton Rye Spirits claims its rye whiskey is a "small batch" rye whiskey using a "prohibition era recipe." The Townsend/Seils Lawsuit alleges Templeton Rye Spirits' rye whiskey label and other

marketing materials prominently feature the rye whiskey's 'PROHIBITION ERA RECIPE' and claim it is a 'SMALL BATCH RYE WHISKEY'. The Townsend/Seils Lawsuit further alleges the "rye whiskey label, website, and other marketing materials, prominently feature" that the rye whiskey is "produced according to an old family recipe that survived because it was known to an individual . . . and that the receipt was used during the prohibition era to distill rye [whiskey] that was the favorite of Al Capone."

13.     The Townsend/Seils Lawsuit alleges Defendant Templeton Rye Spirits' representations regarding its whisky are false and misleading. Rather, the whiskey is distilled and aged in Lawrenceburg, Indiana at the factory of MGP Ingredients, Inc.

14.     The Townsend/Seils Lawsuit alleges Scott Bush, the president of Templeton Rye Spirits, and Vern Underwood, the Chairman of Templeton Rye Spirits, "made certain admissions" to the Des Moines Register that Templeton rye whiskey is "distilled according to a stock receipt from MGP and not one from the old family/prohibition recipe."

15.     According to the Townsend/Seils Lawsuit, Templeton Rye Spirits' "fraudulent marking claims have allowed it to sell more rye whiskey to Iowa residents, at higher prices than it would have absent those claims." It is further alleged "Iowa resident purchasers of Templeton rye whiskey have been damaged by the inflated price paid for each bottle of Templeton rye whiskey resulting from the fraudulent marketing claims."

16.     The Townsend/Seils Lawsuit alleges Townsend and Seils "relied on the marketing representations" of Templeton Rye Spirits in making their decision to purchase Templeton rye whiskey.

17.   The Townsend/Seils Lawsuit also alleges Defendant Templeton Rye Spirits violated 27 C.F.R. § 5.36(d), which required the label on its rye whiskey to identify the state in which the whiskey was distilled. The Townsend/Seils Lawsuit alleges Defendant Templeton Rye Spirits violated that requirement by not listing Indiana as the state of distillation.

18.   The Townsend/Seils Lawsuit further alleges Defendant Templeton Rye Spirits also violated 27 C.F.R. § 5.42(a)(1), which prohibited Templeton Rye Spirits from placing on its rye whiskey label a statement that was "false or untrue in any particular, or that, irrespective of falsity, directly, or by ambiguity, omission, or inference, or by the addition of irrelevant, scientific or technical matter, tends to create a misleading impression."

19.   The Townsend/Seils Lawsuit alleges Defendant Templeton Rye Spirits' violations of 27 C.F.R. § 5.36(d) and 27 C.F.R. § 5.42(a)(1) "demonstrate the lengths to which it was willing to go in order to perpetuate the fraudulent marketing assertions." It is further alleged that to "conceal the true producer of Templeton's rye whiskey is demonstrative Templeton's deliberate fraud and also shows its willful and wanton disregard for the rights of Plaintiffs and all members of the class."

20.   The Townsend/Seils Lawsuit purports to bring the lawsuit on behalf of Defendant Townsend and Defendant Seils and a Class consisting of "Iowa residents who have purchased Templeton rye whiskey at any time since July 1, 2009."

21.   The Townsend/Seils Lawsuit seeks recovery under the Iowa Consumer Fraud Act (Iowa Code §§ 714H, *et seq.*). It alleges that Defendant Templeton Rye Spirits "has engaged in acts and practices that were likely to mislead a substantial number of consumers as to material facts relating to the whiskey." It further alleges "Plaintiffs, as consumers, have suffered an ascertainable loss of money of property as the result of [Templeton Rye

Spirits'] prohibited practices and acts." The Townsend/Seils Lawsuit alleges Defendants Townsend and Seils and the members of the Class are entitled actual damages and reasonable attorneys' fees. It is also alleged that Templeton Rye Spirits' "violation of Chapter 714H was in willful and wanton disregard for the rights of Plaintiffs and all Class Members" and, therefore, they are entitled to "statutory damages of up to three times the amount of actual damages, as provided in Section 714H.5(4)."

## THE SOCIETY POLICIES

22.     Society issued a policy of insurance to Defendant Templeton Rye Spirits, policy number FPP516066, with a policy period of September 13, 2009 through September 13, 2010. Society, thereafter, issued a policy of insurance to Defendant Templeton Rye Spirits, policy number BMP526674, for the policy period September 13, 2010 through September 13, 2011. Both policies will be referred to collectively as "Society Primary Policies" and are attached hereto as Group Exhibit B.

23.     Society also issued a commercial umbrella policy, policy number UXL 515573, for policy period September 13, 2009 through September 13, 2010, and policy period September 13, 2010 through September 13, 2011 ("Society Umbrella Policies"). A true and accurate copy of the Society Umbrella Policies is attached hereto as Group Exhibit C. The Society Primary Policies and the Society Umbrella Policies will be referred to collectively as "the Society Policies".

24.     Each of the Society Primary Policies contains the following provisions:

**A. Coverages**

**1. Business Liability**

   **a.**     We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" to

which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury", "property damage" or "personal and advertising injury", to which this insurance does not apply. We may at our discretion, investigate any "occurrence" or any offense and settle any claim or "suit" that may result. But:

*        *        *

**b.**    This insurance applies:

**(1)** To "bodily injury" and "property damage" only if:

    **(a)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

    **(b)** The "bodily injury" or "property damage" occurs during the policy period; and

    **(c)** Prior to the policy period, no insured listed under Paragraph **C.1.** Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim knew that "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known before the policy period.

*        *        *

**(2)** To "personal and advertising injury" caused by an offense arising out of your business, but only if the offense was committed in the "coverage territory" during the policy period.

*        *        *

**a.**    **Expected Or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

*        *        *

**o.**    **Recall Of Products, Work Or Impaired Property**

Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:

**(1)**    "Your product";

**(2)**    "Your work"; or

7

**(3)**  "Impaired property";

If such product, work or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

**p.  Personal And Advertising Injury**

"Personal and advertising injury":

**(1)** Caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury";

**(2)** Arising out of oral or written publication of material, if done by or at the direction of the insured with knowledge of its falsity;

**(3)** Arising out of oral or written publication of material whose first publication took place before the beginning of the policy period;

\*          \*          \*

**(6)** Arising out of the failure of goods, products, or services to conform with any statement of quality or performance made in your "advertisement";

**(7)** Arising out of the wrong description of the price of goods, products or services stated in your "advertisement";

\*          \*          \*

**r.  Criminal Acts**

"Personal and advertising injury" arising out of a criminal act committed by or at the direction of the insured.

**s.  Distribution Of Material In Violation Of Statutes**

"Personal and advertising injury" arising directly or indirectly out of any action or omission that violates or is alleged to violate:

\*          \*          \*

**(4)** Any statute, ordinance or regulation other than the TCPA or CAN-SPAM Act of 2003, that prohibit or limits the sending, transmitting, communicating or distribution of material or information.

**F.  Liability And Medical Expenses Definitions**

**1.** "Advertisement" means a notice that is broadcast or published to the general public or specific market segments about your goods, products or services for the purpose of attracting customers or supporters. For the purposes of this definition:

    **a.**      Notices that are published include material placed on the Internet or on similar electronic means of communication; and

    **b.**      Regarding web-sites, only that part of a web-site that is about your goods, products, or services for the purposes of attracting customers or supporters is considered an advertisement.

*     *     *

**13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

**14.** "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offense:

    **a.**      False arrest, detention or imprisonment;

    **b.**      Malicious prosecution;

    **c.**      The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

    **d.**      Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

    **e.**      Oral or written publication, in any manner, of material that violates a person's right of privacy;

    **f.**      The use of another's advertising idea in your "advertisement"; or

    **g.**      Infringing upon another's copyright, trade dress or slogan in your "advertisement".

*     *     *

**17.** "Property damage" means:

    **a.**      Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

    **b.**      Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

*     *     *

25.     Each of the Society Umbrella Policies contains the following provisions:

**SECTION I – COVERAGES**

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.      Insuring Agreement**

     **a.**    We will pay on behalf of the insured the "ultimate net loss" in excess of the "retained limit" because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for such "bodily injury" or "property damage" when the "underlying insurance" does not provide coverage or the limits of "underlying insurance" have been exhausted. When we have no duty to defend, we will have the right to defend, or to participate in the defense of, the insured against any other "suit" seeking damages to which this insurance may apply. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may at our discretion, investigate any "occurrence" and settle any resultant claim or "suit", for which we have the duty to defend. But:

                   \*          \*          \*

     **b.**    This insurance applies:

        **(1)** To "bodily injury" and "property damage" only if:

           **(a)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

           **(b)** The "bodily injury" or "property damage" occurs during the policy period; and

           **(c)** Prior to the policy period, no insured listed under Paragraph **1a.** of Section **II-** Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim knew that "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known before the policy period

                   \*          \*          \*

**2.      Exclusions**

This insurance does not apply to:

**a.      Expected Or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

\*       \*       \*

**q.      Recall Of Products, Work Or Impaired Property**

Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:

**(1)**      "Your product";
**(2)**      "Your work"; or
**(3)**      "Impaired property";

If such product, work or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

## COVERAGE B – PERSONAL AND ADVERTISING LIABILITY

**1.      Insuring Agreement**

    **a.**      We will pay on behalf of the insured the "ultimate net loss" in excess of the "retained limit" because of "personal and advertising injuring" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for such "personal and advertising injury" when the "underlying insurance" does not provide coverage or the limits of "underlying insurance" have been exhausted. When we have no duty to defend, we will have the right to defend, or to participate in the defense of, the insured against any other "suit" seeking damages to which this insurance may apply. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may at our discretion, investigate any offense and settle any resultant claim or "suit", for which we have the duty to defend. But:

\*       \*       \*

    **b.**      This insurance applies to "personal and advertising injury" caused by an offense arising out of your business, but only if the offense was committed in the "coverage territory" during the policy period.

**2.      Exclusions**

This insurance does not apply to:

**a.**      "Personal and advertising injury":

**(1) Knowing Violation Of Rights Of Another**

Caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury";

**(2)       Material Published With Knowledge Of Falsity**

Arising out of oral or written publication of material, if done by or at the direction of the insured with knowledge of its falsity;

**(3) Material Published Prior To Policy Period**

Arising out of oral or written publication of material whose first publication took place before the beginning of the policy period;

**(4)       Criminal Acts**

Arising out of a criminal act committed by or at the direction of the insured.

*          *          *

**(7)       Quality Or Performance Of Goods-Failure To Conform To Statements**

Arising out of the failure of goods, products, or services to conform with any statement of quality or performance made in your "advertisement";

**(8) Wrong Description Of Prices**

Arising out of the wrong description of the price of goods, products or services stated in your "advertisement";

*          *          *

**(17) Distribution Of Material In Violation Of Statutes**

"Personal and advertising injury" arising directly or indirectly out of any action or omission that violates or is alleged to violate:

*          *          *

**(c)**       Any statute, ordinance or regulation other than the TCPA or CAN-SPAM Act of 2003, that prohibit or limits the sending, transmitting, communicating or distribution of material or information.

**SECTION V – DEFINITIONS**

**1.**   "Advertisement" means a notice that is broadcast or published to the general public or specific market segments about your goods, products or services for the purpose of attracting customers or supporters. For the purposes of this definition:

**a.**   Notices that are published include material placed on the Internet or on similar electronic means of communication; and

**b.**   Regarding web-sites, only that part of a web-site that is about your goods, products, or services for the purposes of attracting customers or supporters is considered an advertisement.

\*    \*    \*

**13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

**14.** "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offense:

**a.**   False arrest, detention or imprisonment;

**b.**   Malicious prosecution;

**c.**   The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

**d.**   Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

**e.**   Oral or written publication, in any manner, of material that violates a person's right of privacy;

**f.**   The use of another's advertising idea in your "advertisement"; or

**g.**   Infringing upon another's copyright, trade dress or slogan in your "advertisement".

\*    \*    \*

**17.** "Property damage" means:

**a.**   Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

**b.**   Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

\*    \*    \*

**23.** "Ultimate net loss" means the total sum, after reduction for recoveries or salvages collectible, that the insured becomes legally obligated to pay as damages by reason of settlement or judgments or any arbitration or other alternate dispute method entered into with our consent or the "underlying insurer's" consent.

**24.** "Underlying insurance" means any policies of insurance listed in the Declarations under the Schedule of "underlying insurance".

**COUNT I – No Coverage Because Allegations Are Not Within Insuring Agreement**

26.     Plaintiff Society realleges Paragraphs 1–25 as Paragraph 26 of Count I as if fully set forth herein.

27.     The Society Policies provide that Society will defend Defendant Templeton Rye Spirits against any suit seeking damages based on "bodily injury," "property damage," or "personal and advertising injury" to which the Society Policies apply. The Society Policies define "bodily injury" as "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time."

28.     The Townsend/Seils Lawsuit does not allege bodily injury, sickness, or disease sustained by a person and, therefore, the Townsend/Seils Lawsuit does not allege "bodily injury" within the meaning of the Society Policies.

29.     The Society Policies define "property damage" as (a) "Physical injury to tangible property, including all resulting loss of use of that property," or (b) "Loss of use of tangible property that is not physically injured."

30.     The Townsend/Seils Lawsuit does not allege physical injury to tangible property or loss of use of tangible property and, therefore, does not allege "property damage" within the meaning of the Society Policies.

31.     The Society Policies do not cover "bodily injury" or "property damage" unless it is caused by an "occurrence," defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

32.     The Townsend/Seils Lawsuit alleges knowing and intentional conduct on the part of Defendant Templeton Rye Spirits and therefore does not allege an accident or "occurrence" within the meaning of the Society Policies.

33.     The Society Policies define "personal and advertising injury" as injury arising out of the offenses of (a) false arrest, detention, or imprisonment; (b) malicious prosecution; (c) wrongful eviction; (d) slander or libel; (e) publication of material that violates a person's right of privacy; (f) use of another's advertising idea in the insured's advertisement; or (g) infringing upon another's copyright, trade dress, or slogan in the insured's advertisement.

34.     The Townsend/Seils Lawsuit does not allege conduct falling within the offenses listed in the definition of "personal and advertising injury" or any injury resulting from those offenses.

35.     Society therefore has no duty under the Society Policies to defend or to indemnify Defendant Templeton Rye Spirits with respect to the Townsend/Seils Lawsuit and the conduct alleged within said lawsuits.

36.     Upon information and belief, the defendants disagree with the foregoing positions.

37.     There is an actual and justiciable controversy between the parties, which may be determined by a judgment order of this Court. Pursuant to the terms of 28 U.S.C. § 2201, this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policies of insurance referred to herein and to adjudicate the final rights of all parties and give such other and further relief as may be necessary to enforce same.

WHEREFORE, the Plaintiff, SOCIETY requests this Court to enter an order:

    a.  Finding and declaring that the Townsend/Seils Lawsuit and the conduct alleged within said lawsuit does not seek recovery for "bodily injury" or "property damage" caused by an "occurrence" or for "personal and advertising injury" caused by an offense as those terms are defined by the Society Policies and the law;

b.  Finding and declaring that Society therefore has no obligation under the Society Policies to defend or indemnify Defendant Templeton Rye Spirits with respect to the Townsend/Seils Lawsuit and the conduct alleged within said lawsuit; and

c.  Granting Society any and all other relief this Court deems proper.

## COUNT II – No Coverage Because of Policy Exclusions

38.  Pleading in the alternative and without prejudice to its other pleadings and allegations, Plaintiff Society realleges Paragraphs 1–37 as Paragraph 38 of Count II as if fully set forth herein.

39.  There is no liability coverage for a claim or suit that comes within the exclusions of the Society Policies.

40.  The Society Policies exclude coverage for "'bodily injury' or 'property damage' expected or intended from the standpoint of the insured."

41.  The Society Policies also exclude coverage for "personal and advertising injury" caused by or at the direction of Defendant Templeton Rye Spirits with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury."

42.  The Society Policies also exclude coverage for "personal and advertising injury" arising out of oral or written publication of material, if done by or at the direction of Defendant Templeton Rye Spirits with the knowledge of its falsity.

43.  The Townsend/Seils Lawsuit alleges Defendant Templeton Rye Spirits engaged the wrongful conduct alleged in said lawsuits in a knowing, intentional, and/or deliberate manner.

44.  The Townsend/Seils Lawsuit also alleges Defendant Templeton Rye Spirits engaged in wrongful acts that were "misleading", "deceptive", "unfair", and "fraudulent".

45.     Even if the Townsend/Seils Lawsuit alleged "bodily injury" or "property damage" within the meaning of the Society Policies, the lawsuit would allege only "bodily injury" or "property damage" expected or intended from the standpoint of Defendant Templeton Rye Spirits and, therefore, is excluded from coverage under the Society Policies.

46.     Additionally, even if the Townsend/Seils Lawsuit alleged "personal and advertising injury" within the meaning of the Society Policies, the lawsuit would allege only "personal and advertising injury" caused by or at the direction of Defendant Templeton Rye Spirits with the knowledge the act would violate the rights of another and would inflict "personal and advertising injury" and, therefore, is excluded from coverage under the Society Policies.

47.     Further, even if the Townsend/Seils Lawsuit alleged "personal and advertising injury" within the meaning of the Society Policies, the lawsuit would allege only "personal and advertising injury" arising out of oral or written publication of material done by or the direction of Defendant Templeton Rye Spirits with the knowledge that the information was false and, therefore, is excluded from coverage under the Society Policies.

48.     The Society Policies also exclude coverage for "personal and advertising injury" arising out of the failure of goods, products or services to confirm with any statement of quality or performance made in your advertisement; and arising out of the wrong description of the price of goods, products, or services stated in your advertisement.

49.     Therefore, because the Townsend/Seils Lawsuit alleges that Templeton Rye whiskey does not conform to the representations made in the advertisements by Defendant Templeton Rye Spirits there is no coverage under the Society Policies.

50.     There also is no coverage pursuant to the exclusions "Recall of Products, Work Or Impaired Property", identified as Exclusion O in the Society Primary Policies and Exclusion Q in the Society Umbrella Policies. Said exclusions prevent coverage for "[d]amages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of" the insured's work, produce, or impaired property "[i]f such product, work or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it." Here, there is no coverage for any sums that Templeton Rye Spirits may incur to change the labels, marketing, advertisements, whiskey, or anything else, in order to comply with the law; orders or injunctions entered by the court or any governmental agencies/bodies; and/or agreements with Defendant Townsend, Defendant Seils, or anyone else with respect to the allegations and/or conduct alleged in the Townsend/Seils Lawsuit.

51.     Further, no coverage is available for any treble damages, interest, injunctive relief requested against or from Defendant Templeton Rye Spirits as they are not considered damages under the Society Policies and by operation of law.

52.     No exceptions apply to prevent application of the aforementioned exclusions.

53.     Upon information and belief, the defendants disagree with the foregoing positions.

54.     There is an actual and justiciable controversy between the parties, which may be determined by a judgment order of this Court. Pursuant to the terms of 28 U.S.C. § 2201, this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policies of insurance referred to herein and

to adjudicate the final rights of all parties and give such other and further relief as may be necessary to enforce same.

WHEREFORE, the Plaintiff, SOCIETY, requests this Court to enter an order:

a.  In the alternative to the declaration sought in Count I, finding and declaring that the allegations of the Townsend/Seils Lawsuit and the conduct alleged therein is excluded from the coverage of the Society Policies and the law;

b.  Finding and declaring that Society therefore has no obligation under the Society Policies to defend or indemnify Defendant Templeton Rye Spirits with respect to the Townsend/Seils Lawsuit conduct alleged within said lawsuit; and

c.  Granting Plaintiff Society any and all other relief this Court deems proper.

## COUNT III – No Coverage Because Outside of Policy Period

55.  Pleading in the alternative and without prejudice to its other pleadings and allegations, Plaintiff Society realleges Paragraphs 1–54 as Paragraph 55 of Count III as if fully set forth herein.

56.  The Society Policies began coverage on September 13, 2009 and ended on September 13, 2011.

57.  The Townsend/Seils Lawsuit alleges that Defendant Templeton Rye Spirits has produced and marketed Templeton Rye in the allegedly wrongful manner described in the lawsuit since at least February 25, 2009, when a video containing misrepresentations was uploaded to the website of Templeton Rye Spirits.

58.  The Townsend/Seils Lawsuit seeks certification of class of all Iowa residents that have purchased a bottle of Templeton Rye since July 1, 2009.

59.  The Society Policies provide coverage only for "bodily injury" and "property damage" occurring within the policies' policy period, and only if the insured did not know that the injury or damage had occurred prior to the inception of the Society Policies.

60.     There is no coverage under the Society Policies because, even assuming the Townsend/Seils Lawsuit contained allegations of "bodily injury" or "property damage" caused by an occurrence", said "bodily injury" or "property damage" began and was known by Defendant Templeton Rye Spirits prior to the inception of the Society Polices.

61.     Additionally, the Society Policies exclude coverage for "Personal and Advertising Injury" that arises out of "oral or written publication of material whose first publication took place before the beginning of the policy period."

62.     Therefore, even assuming the Townsend/Seils Lawsuit contained allegations of "Personal and Advertising Injury", there is no coverage under the Society Policies for "Personal and Advertising Injury" because said wrongful material was first published prior to the inception of the first policy period of the Society Policies.

63.     Upon information and belief, the defendants disagree with the foregoing positions.

64.     There is an actual and justiciable controversy between the parties, which may be determined by a judgment order of this Court. Pursuant to the terms of 28 U.S.C. § 2201, this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policies of insurance referred to herein and to adjudicate the final rights of all parties and give such other and further relief as may be necessary to enforce same.

    WHEREFORE, the Plaintiff, SOCIETY, requests this Court to enter an order:

    a.  In the alternative to the declaration sought in Count I and Count II, finding and declaring that Society has no obligation under the Society Policies to defend or indemnify Defendant Templeton Rye Spirits with respect to the Townsend/Seils Lawsuit and conduct alleged within said lawsuits and

    b.  Granting Plaintiff Society all other and further relief this Court deems proper.

Respectfully submitted,

**Certificate of Service**
The undersigned certifies that the foregoing instrument was served upon the parties to this action by serving a copy upon each of the attorneys listed as receiving notice on January 5, 2015, by EDMS, pursuant to Local Rule 5.3(i)/ECF.


*/s/ Joseph F. Moser*_____

GREFE & SIDNEY, P.L.C.

By: */s/ Guy R. Cook*_____
    Guy R. Cook AT0001623


By: */s/ Joseph F. Moser*_____
    Joseph F. Moser AT0011413


500 E. Court Ave., Ste. 200
Des Moines, IA 50309
Phone: 515/245-4300
Fax: 515/245-4452
gcook@grefesidney.com
jmoser@grefesidney.com